Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

__MIDDLE__ District of __FLORIDA__

__ORLANDO__ Division

Michael David Hinton

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Wayne Ivey, sheriff, Brevard county, Major Homan, sgt. Susan DeNardo, Lieutenant Maggie, et. al.

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 6:20-CV-711

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                         *Michael David Hinton*

All other names by which
you have been known:

ID Number                    *4056372*

Current Institution          *Brevard County Detention Center*

Address                      *860 camp road*

*Cocoa*                *Fla.*           *32927*
City                        State           Zip Code

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name                         *Wayne Ivey*

Job or Title *(if known)*    *Sheriff*

Shield Number                *unknown*

Employer                     *County of Brevard*

Address                      *700 Park avenue*

*Titusville*           *Fla.*           *32780*
City                        State           Zip Code

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2
Name                         *Mrs. Haman*

Job or Title *(if known)*    *Major*

Shield Number                *269*

Employer                     *Brevard County Sheriffs office*

Address                      *860 c 700 Park avenue*

*Titusville*           *Fl.*            *32780*
City                        State           Zip Code

[ ] Individual capacity   [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name — *Susan Denardo*
- Job or Title *(if known)* — *sergeant*
- Shield Number — *unknown*
- Employer — *Brevard county sheriffs office*
- Address — *700 Park avenue*
  - *Titusville* — City — *Fl* — State — *32780* — Zip Code

[ ] Individual capacity  [✓] Official capacity

Defendant No. 4
- Name — *Mr. Maggie*
- Job or Title *(if known)* — *lieutenant*
- Shield Number — *unknown*
- Employer — *Brevard county sheriffs office*
- Address — *700 Park avenue*
  - *Titusville* — City — *Fl.* — State — *32780* — Zip Code

[ ] Individual capacity  [✓] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*First, Eighth, and Fourteenth  Amendments*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

These events took place within Brevard county Detention center Between March and April 2020

C.      What date and approximate time did the events giving rise to your claim(s) occur?

See Grounds 1 - 4

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

See, Grounds 1 - 4

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Only injury is severe anxiety, worry, dread, and fear of being infected. deprived of Television privileges without cause, not being able to research caselaw concerning Ground 3, delay in filing the instant petition

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.   Explain the basis for these claims.

Order sheriff to mandate staff wear masks, provide inmates with proper sanitizing products, clean air ducts, showers, remove dust and allergens from dayroom wall fixtures, administrative sanctions against staff retaliation, remove or retrain law library staff punitive damages in the amount of 100,000 for wanton disregard of inmate Health and safety.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Brevard County Detention center*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*1, 2, and 4.*

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

    *Brevard County Detention center*

2.  What did you claim in your grievance?

3.  What was the result, if any? *Ground 1 retaliation, Ground 2 intentionally providing the wrong Documents,*

    *Ground 4 Putting inmates Health and safety at risk*

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    *Brevard County Detention center does not have a valid honest grievance process*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

       1.   If there are any reasons why you did not file a grievance, state them here:

            *N/A*

       2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

            *N/A*

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *As this grievance process is flawed, this inmate could proceed no further.*

       *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* *B.C.D.C. does not provide copies of grievances. They must be purchased from 700 park ave. Titusville, Fla*

VIII.  **Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)    *Michael David Hinton*
    Defendant(s)    *Holmes correctional institution*

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    *Northern District of Florida*

3.  Docket or index number
    *N/A*

4.  Name of Judge assigned to your case
    *N/A*

5.  Approximate date of filing lawsuit
    *2011 / 2012*

6.  Is the case still pending?
    ☐ Yes
    ☑ No

    If no, give the approximate date of disposition.    *2012*

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    *Voluntarily dismissed*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
    *NO*

☐ Yes

☑ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____ N/A _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____ N/A _____

3.  Docket or index number

    _____ N/A _____

4.  Name of Judge assigned to your case

    _____ N/A _____

5.  Approximate date of filing lawsuit

    _____ N/A _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____ N/A _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____ N/A _____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  *April 16, 2020*

Signature of Plaintiff

Printed Name of Plaintiff    *Michael David Hinton*

Prison Identification #    *4056372*

Prison Address    *860 camp road*
    *cocoa*            *Fl.*    *32927*
    City            State    Zip Code

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
    _____
    City            State    Zip Code
Telephone Number    _____
E-mail Address    _____

Page 4 (D)

Sheriff Wayne Ivey refuses to mandate staff to wear masks in order to protect inmates from contracting the corona virus, as staff does go out into the public and interact with those who may be infected.

Major Haman acted along with Lt. Maggie to Retaliate against inmates for challenging staffs decisions of operations concerning the handling of the covid-19 Pandemic and news pertaining to it.

Sgt. Susan Denardo runs the Brevard County Detention center law library and does intentionally use her position to delay, denие and defeat inmates legal pursuits.

# GROUND ONE
## ( Retaliation )

G1/pg 1

ON or around April 2, 2020 administration officials dictated that a diagram of the 5 step procedure for washing hands was placed on the walls of 400 C-Pod walls in 3 places. a diagram was placed beside the callbox, a diagram was placed on the wall directly underneath the pod television, and the third diagram was attached to the wall directly over the pod telephones.

ON April 9, 2020 this inmate filed a Housing Grievance pointing out the fact that although administration officials dictated that a hand washing diagram was strategically attached to the walls in 3 places, inmates did not receive any soap with which to follow these C.D.C. guidelines. (Grievance no. 1044309)

It should be noted that inmates at Brevard County Jail receive 2 bars of soap a week, one bar on monday night, a second bar on thursday night. see, diagram of soap size, width thickness next page.

EXHIBIT

G1/pg2

# STANDARD SIZE SOAP



THICKNESS ↑



ACTUAL SIZE OF BAR SENT BY LT. MAGGIE
IN RESPONE TO GRIEVANCE NO.

G1/pg. 3

In response to the filing of Grievance No. 1044309, Lieutenant Maggie stated as follows:

We have plenty of soap just ask the Deputies. I will have them get you some right Now.

Later on, that same day I was called to the pod door by Deputy Robles, who was accompanied by Sgt. Alexander. Deputy Robles gave me a small half of a bar of soap.

This inmate did appeal Grievance No. 1044309 by filing a Disciplinary Grievance to ensure that the appealed Grievance would go to the majors' office.

Disciplinary appeal No. 1045032 pointed out the fact that Not only is soap Not automatically provided for inmates to follow C.D.C. guidelines, Lt. Maggie attempts to trivialize this inmates grievance during this world wide pandemic by sending this inmate the smaller half of a bar of soap after responding that "we have plenty of soap," but also, Deputies, Nurses, and staff go out into the public, interact with others

Next page

G1 / pg4

who may be infected and then return to work here at the jail where inmates are dependent upon these staff members to not spread the contagion that is wrecking havoc to the world population. yet, no masks are worn by either Deputies, or nurses.

In the response to Disciplinary appeal No. 1045032, Major Hamans states in pertinent part:
   "if you need more soap let me know."
   "we are following all CDC guidelines."

First, this inmate wrote the initial grievance, No. 1044309 to point out the fact that although officials had diagrams put up, there was no additional soap provided to the inmate populace, not just this inmate.
and second, if, as major Hamans states, "we are following all CDC guidelines, why does sheriff Wayne Ivey, and his administrations not order deputies, nurses and staff to wear the minimum of personal protective equipment.?.

As mentioned in Disciplinary appeal No. 1045032 some people are "ASYMPTOMATIC", which means

Glv pg5

they could be infected, yet show no symptoms.

Inmates are in a very precarious position, akin to toddlers in cribs, dependent upon the parent to provide food and safety.

Where Wayne Ivey and his administration refuse to mandate staff to wear masks to protect the inmate population, it shows a callous disregard for the entire inmate population.

Immediately following this inmates original grievance and the Disciplinary appeal, this administration violated the General Housing and Facilities rules regarding the Television.

As of April 10, 2020 inmates television privileges have been shortened by 1 hour in the morning, and 1 hour in the afternoon.

Now, after the federally mandated P.R.E.A. video at 9:36 a.m. there is a 1 hour showing of the diagram that adorns the walls in 3 places.

In the afternoon, immediately following the spanish

G1/pg 6

version of the P.R.E.A. video at 2:47 p.m.
there is a 1 hour showing of the same diagram
that adorns the wall, only difference is that
in the afternoon the diagram is in spanish.

Prior to these grievance filings, this inmate
followed protocol and requested a channel
change so that inmates could get a more
in depth news coverage of the covid-19
pandemic.

these requests, #1041183, and #1041381 were
met with negative response although this
inmate was following the verbal advice of
major Homan, as she spoke with this inmate
about the lack of news coverage and the
process of getting a channel change on
or around April 4, 2020 in 400 pod sally port

This inmate filed Grievance no. 1041475, on
April 5, 2020 complaining of being denied
information of covid-19 Pandemic by refusing
to allow inmates to a watch more news on
a different channel. at no time was there
a request for more t.V. time.

                    Next page

G1/ pg 7

On April 6, 2020 this inmate filed a Disciplinary appeal of administrative grievance no. 1041475

Both the April 5, 2020 admin grievance, number 1041475 and the April 6, 2020 admin grievance no. 1042172 contained "pass the buck" type responses.

Shortly thereafter, this inmate filed the April 9, 2020 admin. grievance no. 1044309, and the April 10, 2020 Disc. appeal no. 1045152, the television restrictions were implemented.

This inmate filed admin. grievance no. 1045318 which was answered by Major Haman explaining that the new 2 hour loss of television viewing is not retaliatory, but instead, to encourage inmates to clean their cells.

This is false due to the fact that during the 1 hour veiwing in the morning the daily mop bucket and Broom are removed at the time the diagram is shown, and in the afternoon there ys no cleaning supplies provided to inmates.

Next page

G1/ pg.8

This inmate realizes that the television is a privilege, and NOT A RIGHT.

Yet, it is not coincidental that T.V. viewing restrictions were implemented only after this inmate, and those similarly situated requested a change of channel in order to be more informed about covid-19, and a 1 Hour showing of the same still diagram on the T.V., as is posted on the wall in 3 places is in no way, shape, or form placed there to encourage inmates to "keep their area clean."

This inmate contends and avers that both Lt. Maggie, and Major Haman have used retaliation against the inmate population where they caused the loss of inmate T.V. privileges as punishment for grievance filing, information seeking, and questioning the administrations handling of the covid-19 pandemic, in violation of first and fourteenth amendment rights under the U.S. constitution.

# GROUND 2

(Due process)

G2/pg 1

Brevard County Detention Center denies this inmate, and similarly situated inmates due process rights by failing to follow the rules codefied in the inmate Grievance procedure.

Inmates who file grievances are supposed to be able to appeal their grievances to the answering parties supervisor if an inmate is not satisfied with a parties response.

At Brevard County Detention center, the Kiosk does not provide a way in which an inmate can first file an informal grievance, then file a formal grievance, then file an administrative grievance.

The Kiosk at this facility list 24 different areas with which an inmate may grieve, but in order to appeal a grievance answered by a lieutenant an inmate must use the Disciplinary appeal site and this inmate discovered this through sheer chance, it is not common knowlededge that inmates can appeal a lieutenants response by doing this, and this disruption in

G2 pg 2

the grievance procedure forecloses the inmate
from receiving a fair and objective redress of the
issues grieved. Many times a grievance is answered
by the same individual after the grievance has
been appealed.

Per rule, If the response is not satisfactory, you may
appeal. the appeal is forwarded for review. if a grievance
has not been resolved via these first steps, you may
appeal the decision to the jail commander or
designee.

These steps are not followed as this inmate has never
been able to have his grievances forwarded to the
jail commander. and there is no advocate for
the illiterate inmate, nor is there a process by which
the illiterate may voice their complaints.

These deficiencies operate to discourage inmates
from seeking redress, and the standard answer
at each level of each grievance is,"This matter
is closed with no further action taken."

This statement, combined with the confusing
and unexplained process of filing grievances

next page

62/pg3

intimidates a certain demographic of inmates, if inmates wish to appeal and attach a copy of a previous grievance, the inmate must write to Brevard County sheriff's records, at 700 Park avenue Titusville Fl. 32780. these copies come at a cost to inmates.

This is in violation of Due process, and the Florida constitution Article I sec. 19.

# GROUND 3
## (Access to the courts)

G3 pg 1

Access to the courts is violated at Brevard county Detention center law library.

The Supreme court has held that the "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law.

B.C.D.C. law library access criteria is as follows:

an inmate acting as his/her own attorney (pro-se) on a case for which the inmate is currently incarcerated.

an inmate appealing a sentence received in Brevard county who does not have an attorney representing him/her on the appeal.

an inmate appealing a D.O.C. sentence received in the state of Florida, who does not have an attorney representing him/her on the appeal.

an inmate contesting conditions of confinement.

Next page

G3 pg 2

an inmate claiming civil case(s).

Of these 5 criterion, this inmate only addresses the last 2, inmates contesting conditions of confinement, and inmates claiming civil case(s).

It is well established that an accused person is presumed innocent until proven guilty.

Inmates are required to provide a full and valid case number that is applicable to your submitted request, otherwise your request will be returned unprocessed.

Inmates who attempt to contest conditions of confinement are stymied by this requirment because they have no actual civil case number by which to gain access to civil material. the average inmate would want to research the issues before submitting the complaint the "access criteria" prevents an inmate from obtaining relevant caselaw by which an inmate may bolster his claim.

Thus, requiring inmates to have a valid

G3 pg 3

case Number that is applicable to their request operates to impede and/or frustrate the inmates pursuit of redress of claims.

On March 26, 2020 this inmate requested a 1983 civil rights complaint form and the accompanying indigency form.

Law library document request No. 1034801 was responded to with an indigency form for use in the circuit court.   see, Attachment A

On April 10, 2020 this inmate requested the proper Federal indigency form for filing a 1983 civil rights complaint form.

Law library document request No. 1045189 was responded to with an indigency form for use in the florida Supreme court,  see, Attachment C

On April 11, 2020 this inmate requested a copy of the Florida indoor clean air act.

Law library document request No. 1045672 was responded to with a copy of the clean air act.
                                    see, Attachment B

G3 pg4

On the afforementioned dates, Brevard County Detention center law library personell did intentionally provide this inmate with the wrong documents thereby delaying the completion, and filing of this complaint form, this type of action is common practice with law library staff.

Because of law library staffs failure to provide this inmate with the proper form for filing in forma pauperis, the District court clerk is burdened with providing this inmate with the proper Federal indigency form thus, this inmates civil rights complaint is effectively delayed.

Against his wishes, this inmate shall adhere to the cover page instructions prohibiting plaintiff from sending attachments, affidavits, exhibits, etc. with this complaint form.

However, the attachments to Ground 3 will be sent in a different mailing envelope for the purpose of allegation substantiation.

# GROUND FOUR
## (cruel and unusual punishment)

GH pg 1

This inmate, and those inmates similarly situated are being put a extreme risk of exposure to the coronavirus by sheriffs deputies, nurses, and staff by failing to adhere to CDC recommendations and wear surgical masks.

These individuals go out into the public and do interact with potentially infected persons.

Experts report that some people are asymptomatic, this means that some people may be infected and show no signs, or symptoms of the virus.

On April 6, 2020 fox news reported that 4 prisoners in a northwest florida prison tested positive for the covid-19 virus.

On April 7, 2020 fox news reported that 37 corrections workers in the Department of corrections tested positive for the covid-19 virus.

On April 9, 2020 at a news conference, Orlando, Orange County Mayor Jerry Demings announced that 5 Orange

G4 pg2

county deputies tested positive for the covid-19 virus.

Leading experts report that the most effective measure against the spread of this virus is to shelter at Home.

It is impossible for this inmate, and those similarly situated inmates in Brevard county Detention center to sucessfully shelter in place while Deputies, Nurses, and various staff members interact with the public and return to work at Brevard County Detention center, and per administrative order, DO NOT wear protective masks.

At least 2 staff members, a major, and a sergeant explained that this jails administration does not want to panic the inmate population by wearing masks.

Already the inmate population is rife with speculation, theories, rumors, and fear basically due to the lock of this jails administration failure to inform inmates, failure to allow inmates to see informative News stations, and failure to mandate staff to wear masks when interacting with inmates who have

G4  pg 3

Not been exposed, and who can only be exposed
by staff.

Inmates are Not provided any additional soap so as
to follow CDC guidelines.
Inmates are housed 3 men in a 2 man cell, with
some inmates having their mats upon the floor.
Inmates must live in ant, roach and flying bug
infested cells.

The security video cameras within 400 pod will
substantiate the lack of cleaning by inmate trustees,
No sanitary clean up inspection by staff.

Air conditioning vents are caked with dust and
allergens.
Dayroom wall fixtures are caked with dust and
allergens.
 Suspected mold on shower walls, in A/C vents due
to lack of cleaning.

The cumulative effect of the lack of cleanliness,
combined with jail overcrowding, and Wayne Ivey's
refusal to mandate staff to wear masks places
this inmate, and those similarly situated in extreme

G4 pg 4

risk of serious Health problems and, due to the world wide pandemic, risk of death itself.

Detention center officials stress that they will not mandate staff to wear masks, as it may cause panic among the inmate populations.

However, on March 26, 2020 Deputies arrested James Jarvis for retail theft in Titusville.

During his arrest, Mr. Jarvis told deputies that he was "sick" with covid-19.

Still, deputies arrested Mr. Jarvis for the misdemeanor offense, transported this person to Brevard county Detention center and held him in Quarantine for 3 days.

Mr. Jarvis was not taken to first appearance within 24 hours, nor was he allowed to call an attorney or family during this time.

This inmate contends that this type of behavior on the part of sheriff deputies practically guarantees the exposure of the inmate

G4 pg 5

population.

Deputies making misdemeanor arrests of infected individuals puts all other inmates, staff, nurses, and deputies at risk of exposure, and still this administration would risk the health and safety of over 1500 inmates by ignoring current C D C guidelines.

This failure to act, on the part of Wayne Ivey and jail officials causes this inmate, and others similarly situated, severe anxiety, dread, tension and distress.

And this disregard on the part of jail officials amounts to cruel and unusual punishment which is a violation of the U.S. constitution.